# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

LARRY OUTLAW,

    Plaintiff,

v.

WILLIAM K. WILSON, *et al.*,

    Defendants.

Civil Action No. 3:09-CV-99 JVB

## OPINION AND ORDER

The Court's screening order permitted Plaintiff, a prisoner now confined at the Indiana State Prison, to proceed against Westville Control Unit ("WCU") Correctional Officer Carrie Sipich under 42 U.S.C. § 1983 for an alleged violation of Plaintiff's Eighth Amendment right to freedom from cruel and unusual punishment. In particular, Plaintiff is claiming Officer Sipich was indifferent to his serious medical needs while he was housed at the WCU. Officer Sipich has moved for summary judgment, and Plaintiff has responded. For the reasons that follow, the Court denies Defendant Sipich's Motion for Summary Judgment.

Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the motion for summary judgment is supported by evidentiary materials, then the burden shifts to the non-moving party to show an issue of material fact. *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006). That's what makes a motion for summary

judgment "put up or shut up" time. *See Schacht v. Wisc. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999).

"Put up or shut up," but reviewing courts must construe all facts in the light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts against summary judgment. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

Plaintiff claims Officer Sipich violated his rights under the Eighth Amendment's cruel and unusual punishments clause. Such a cause of action consists of two elements: (1) an injury that is objectively serious enough to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) a sufficiently culpable state of mind on the prison official's part. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In medical cases, the state-of-mind component is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976).

In summary, the Complaint alleges as follows: Plaintiff is a chronic diabetic. At 8:45 a.m. on January 13, 2007, while he was in the recreation yard, he "start[ed] experiencing a diabetic reaction that needed immediate medical attention." (Compl., DE 1 at 4). He tried to contact the control pod officer, Officer Sipich, who was supposed to have been monitoring the recreation yard, but she "was stretched out on the D-Pod's counter ledge sound asleep." (*Id.*) Other inmates finally woke Officer Sipich at about 8:55 a.m., but she soon went back to sleep, leaving Plaintiff "to endure the pain & suffering while ofc. Sipich knowingly & intentionally ignore Plaintiff's

request for Medical attention." (*Id.* at 5 (no alterations).) Another officer came to the recreation yard about 9:32 and contacted the medical staff for Plaintiff. (*Id.* at 6.) So he claims.

For purposes of this Motion, Defendant concedes that Plaintiff's diabetes constituted a serious medical need and that he had a diabetic reaction on the morning of January 7, 2007. Officer Sipich contends, however, that she was not deliberately indifferent to Plaintiff's diabetic reaction. In support, she submits a declaration, in which she states that Plaintiff requested medical attention from her on several occasions and she always "forwarded that information to the appropriate medical personnel . . . ." (Sipich Decl., DE 61, ¶ 7.) Officer Sipich does not specifically recall the events of January 13, 2007, (*id.* ¶ 8) but she declares she has never fallen asleep on duty (*id.* ¶ 11) and that if Plaintiff had requested medical attention on January 13, 2007, she would have forwarded that information to the medical staff (*id.* ¶¶ 13–15).

In response, Plaintiff submits his own declaration, unsworn statements by other inmates, and portions of his medical and grievance records. Plaintiff states that when he started to have his diabetic reaction, Officer Sipich was "stretched-out-on the D-Pod's counter ledge sound asleep" and that other inmates "started yelling, kicking & banging on their cell doors in an effort to wake-up the sleeping officer." (DE 59 at 3.) He further asserts that there:

> was so much kicking-n-banging going on that the Control Pod Ofc. C. Sipich raised-up, glanced around the unit, adjusted sleeping positions and went straight back to sleep (even after acknowledging Plaintiff's medical situation and all the noise i.e. yelling banging & kicking from other offenders.) Plaintiff had to continue to endure the pain & suffering while the Pod ofc. C. Sipich knowingly & intentionally ignore(d) Plaintiff's request for medical attention.

(*Id.* (no alterations).)

Plaintiff also submits unsworn statements from inmates Maurice Branch (DE 59-2 at 8), Kenneth Chambers (DE 59-2 at 9), J. Higgason (DE 59-2 at 10), and Thomas Brown (DE 59-2 at

3

11), which assert that Officer Sipich was asleep and that inmates attempted to wake her up to deal with Plaintiff's medical problem. Giving Plaintiff the benefits of the inferences to which he is entitled as the non-moving party, for the purpose of this memorandum, the Court must assume that Officer Sipich fell asleep at her post, was awakened by noise made by inmates, yet turned over and went back to sleep.

In her reply, Officer Sipich "adamantly maintains" that she did not fall asleep at her post on January 13, 2007. (DE 62 at 1.) But, in the alternative, she also argues that even if she dozed off, sleeping on the job is negligence, not deliberate indifference, and that accordingly she is entitled to summary judgment. In its screening order, the Court noted that "[a] correctional officer falling asleep on the job is negligence, not deliberate indifference, and negligence states no claim upon which relief can be granted under § 1983" (DE 13 at 5). *See Breland v. Abate*, 917 F. Supp. 220, 222–23 (S.D.N.Y. 1996) (finding no deliberate indifference when a guard was asleep during a prisoner's assault). The Court also explained in its screening order that if, as Plaintiff alleges, Officer Sipich became aware Plaintiff was experiencing a possibly serious medical problem, but simply went back to sleep, leaving him to suffer, then her conduct may have gone beyond negligence. (DE 13 at 6.) Officer Sipich was not deliberately indifferent for purposes of this case unless she actually became aware Plaintiff was experiencing a medical emergency, and chose to ignore him. *Farmer v. Brennan,* 511 U.S. at 837.

Defendant argues Plaintiff goes beyond his personal knowledge in declaring that she "acknowledged" his problem and all the yelling, banging, and kicking of other inmates. Defendant contends this statement does not raise a question of whether Officer Sipich was aware Plaintiff was having a medical problem.

4

When there are dueling affidavits, provided they are based on personal knowledge and meet the other evidentiary requirements, summary judgment is not appropriate. *Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir. 2003). Plaintiff's statement that Officer Sipich woke up and looked around the unit before going back to sleep is not conclusory and is within his personal knowledge. And Defendant has not shown that Plaintiff should not be allowed to testify that Officer Sipich "acknowledged" his problem before going back to sleep. *See United States v. Locke*, 643 F.3d 235, 239–40 (7th Cir. 2011) ("In some situations, even 'lay opinion testimony as to the mental state of another is indeed competent.'" (quoting *United States v. Bogan*, 267 F.3d 614, 619 (7th Cir. 2001))). Even without Plaintiff's conclusion that Officer Sipich acknowledged his problem, however, a reasonable juror could infer from his other prospective testimony that she was likely aware because she looked around the unit before going back to sleep. A reasonable juror could also infer that an officer being awakened by inmates' yelling, banging, and kicking to get her attention would be deliberately indifferent if she did not try to find out why the inmates were trying to get her attention before going back to sleep. Accordingly, the Court concludes Officer Sipich's mental state is a genuine issue of material fact.

For the foregoing reasons, the court **DENIES** Defendant Sipich's Motion for Summary Judgment (DE 53).

**SO ORDERED** on September 17, 2012.

                                                   s/ Joseph S. Van Bokkelen  
                                                  JOSEPH S. VAN BOKKELEN  
                                                  UNITED STATES DISTRICT JUDGE